## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE POLLAK, | : | |
|     Plaintiff | : | No. 1:11-cv-1969 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| EMS FINANCIAL SERVICES, LLC, | : | |
|     Defendant | : | |

### MEMORANDUM ORDER

Presently pending before the Court is Plaintiff Bruce Pollak's motion for default judgment (Doc. No. 7), and Defendant EMS Financial Services, LLC's motion to set aside the Clerk of Court's entry of default (Doc. No. 9). For the reasons that follow, the Court will deny Plaintiff's motion and grant Defendant's motion.

**I.   BACKGROUND**

Plaintiff Bruce Pollak initiated this action by filing a complaint against Defendant EMS Financial Services, LLC, asserting causes of action sounding in breach of contract and unjust enrichment, seeking damages in the amount of $1.325 million. (Doc. No. 1.) On November 8, 2011, Plaintiff filed an affidavit of service, in which Plaintiff's counsel states that he personally served the summons on James Nicholson at Wyndham Gettysburg, 95 Presidential Circle, Gettysburg, PA 17325, on November 4, 2011. (Doc. No. 3.) In the affidavit, Plaintiff's counsel states that Mr. Nicholson is designated by law to accept service of process on behalf of Defendant EMS. (Id.) On January 4, 2012, Plaintiff filed a request for entry of default, and the Clerk of Court entered default against Defendant EMS on the same date. (Doc. Nos. 5, 6.) Plaintiff filed a motion for default judgment on February 23, 2012. (Doc. No. 7.)

On March 1, 2012, Defendant EMS filed a motion to set aside the Clerk's entry of

default. (Doc. No. 9.) Defendant then filed a suggestion of bankruptcy on March 8, 2012, and the Court issued an order staying this case pending further order of the Bankruptcy Court. (Doc. Nos. 13, 16.) On June 6, 2012, Plaintiff filed a motion to revive this civil action, informing the Court that the United States Bankruptcy Court for the Eastern District of New York issued an order modifying the automatic stay to permit Plaintiff to obtain adjudication of his pending motion for default judgment. (Doc. Nos. 17, 18.) On June 7, 2012, the Court lifted the stay in this case to allow the parties to brief the pending motions. The motions have been fully briefed and are now ripe for disposition.

## II.   DISCUSSION

The United States Court of Appeals for the Third Circuit has made clear that it "does not favor entry of defaults or default judgments" and "require[s] doubtful cases to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on the merits." United States v. Mulvenna, 367 F. App'x 348, 350 (3d Cir. 2010) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)) (internal quotation marks omitted). Rule 55(a) of the Federal Rules of Civil Procedure provides that "the clerk must enter default" when a defendant has "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Once the Clerk has entered default, "Rule 55(b)(1) allows the clerk to enter default judgment if the plaintiff's claim is for a sum certain . . . . The time between the entry of default and the entry of default judgment provides the defendant with an opportunity to move . . . to vacate the default" under Rule 55(c). Mulvenna, 367 F. App'x at 350.

Under Rule 55(c), a district court may set aside an entry of default for good cause shown. The standard for setting aside a default is less stringent than for setting aside a default judgment. Feliciano v. Reliant Tooling Co., Ltc., 691 F.2d 653, 656 (3d Cir. 1982). "A default judgment

entered when there has been no proper service of the complaint, is <u>a fortiori</u>, void, and should be set aside." <u>Gold Kist, Inc. v. Laurinburg Oil Co., Inc.</u>, 756 F.2d 14, 19 (3d Cir. 1985). Further, "the party asserting the validity of service bears the burden of proof on that issue." <u>Grand Entm't Group, Ltd. v. Star Media Sales, Inc.</u>, 988 F.2d 476, 488 (3d Cir. 1993).

      Defendant argues that the Clerk of Court's entry of default should be set aside because Plaintiff did not effectuate service in accordance with either the Federal Rules of Civil Procedure or the Pennsylvania Rules of Civil Procedure. (Doc. No. 10 at 2.) Defendant asserts that James Nicholson, the individual on whom Plaintiff's counsel served the summons, was no longer affiliated with Defendant at the time of the alleged service, and that he was not served at Defendant's place of business. (<u>Id.</u> at 3.) In support of its motion, Defendant provided the Court with an affidavit of Mr. Nicholson, in which he states that he resigned from his position as an officer and managing member of EMS Financial Services, LLC, on September 9, 2011, and that he had no relationship with Defendant EMS, nor was he authorized to accept service of process on behalf of Defendant EMS in November 2011. (Doc. No. 9-2 at 5.)

      In response, Plaintiff asserts that service was originally attempted at Defendant's principal place of business but was denied. (Doc. No. 20 at 4.) Thereafter, Plaintiff asserts that his attorney personally served the summons on Mr. Nicholson in hand, and that Mr. Nicholson was designated by law to accept service of process on behalf of EMS at that time. (<u>Id.</u>) Plaintiff argues that Defendant has attempted to confuse and deceive its creditors, and that he did not learn of Mr. Nicholson's resignation until December 2, 2011. (<u>Id.</u> at 5-6.) In support of his argument that service on Mr. Nicholson was proper, Plaintiff refers the Court to two emails sent by Defendant. First, on October 3, 2011, Defendant wrote an email to its customers, announcing the "semi-retirement" of Mr. Nicholson, and noting that "although he will still be involved in the

Company, he will no longer be involved in the day-to-day operation of EMS." (Doc. No. 20-5.) In a second email, written to Defendant's customers on December 2, 2011, Defendant states that its examination of its accounts revealed that "Mr. James Nicholson, has misappropriated and mismanaged substantial amounts of EMS funds, having sole and complete access and control to all financial banking throughout the period." (Doc. No. 20-6.)  The email further states that Mr. Nicholson resigned from his position on September 9, 2011. (Id.)  Thus, Plaintiff argues that absent evidence of a public notice that Mr. Nicholson was no longer Defendant's managing member as of the date of service, Defendant should be estopped from arguing that Plaintiff's service of process did not meet the requirements of Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure.

Rule 4(h)(1)(B) provides that "a domestic or foreign corporation, or a partnership . . . must be served: (1) in a judicial district of the United States: . . .  (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ."  Plaintiff argues that Mr. Nicholson was designated by law to accept service of process on behalf of Defendant EMS, and that Defendant should be required to submit evidence to support its position that Mr. Nicholson was not authorized to accept service of process on behalf of Defendant.  However, "[t]he burden is on the plaintiff to show that service has been made upon a proper agent of the corporation." Hemmerich Indus., Inc. v. Moss Brown & Co., Inc., 144 F.R.D. 31, 32 (E.D. Pa. 1987) (citing Alloway v. Wain-Roy Corp., 52 F.R.D. 203, 204 (E.D. Pa. 1971)).  Plaintiff has not met his burden of proving that Mr. Nicholson was authorized to accept service of process.  Thus, finding that there is good cause to set aside the default, the Court will grant Defendant's motion to set aside the default, and will deny Plaintiff's motion for default judgment.

### III.  CONCLUSION

**ACCORDINGLY**, on this 23rd day of July 2012, **IT IS HEREBY ORDERED THAT** Defendant's motion to set aside the Clerk of Court's entry of default (Doc. No. 9) is **GRANTED** and Plaintiff's motion for default judgment (Doc. No. 7) is **DENIED**.

**IT IS FURTHER ORDERED THAT** the stay in this case, having been lifted only for purposes of resolving the pending motions, is hereby **REINSTATED** until further order of the Bankruptcy Court or until such time that either party shows that this action is not subject to Bankruptcy Code's automatic stay provision.

                                           s/ Yvette Kane
                                           Yvette Kane, Chief Judge
                                           United States District Court
                                           Middle District of Pennsylvania