IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRUCE POLLACK,** | : | No. 1:11-cv-01969 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | (Judge Kane) |
| **EMS FINANCIAL SERVICES, LLC,** | : | |
| Defendant | : | |

**MEMORANDUM**

Before the Court is Defendant's motion to dismiss Plaintiff's complaint for failure to prosecute and failure to serve.[1] (Doc. No. 32). The motions have been fully briefed and are ripe for disposition. For the reasons that follow, the Court will deny Defendant's motion to dismiss and order Defendant to file an answer.

**I.  BACKGROUND**

Plaintiff Bruce Pollack initiated this diversity action on October 21, 2011, bringing claims for breach of contract and unjust enrichment in connection with a funds management contract. (Doc. No. 1 ¶¶ 17-40.) In his complaint, Plaintiff indicates that he is a resident of Portsmouth Rhode Island, and that the Defendant financial company's place of business is in Gettysburg, Pennsylvania. (Id. at 1.) On November 8, 2011, Plaintiff filed an affidavit of service, confirming that Plaintiff had effected proper service of the complaint upon Defendant. (Doc. No. 3.) Thereafter, on January 4, 2012, Plaintiff requested and was granted an entry of default against Defendant EMS Financial Services, LLC. (Doc. Nos. 5-6.) However, in a brief

---

[1] The Court acknowledges that another motion remains pending on the docket, Plaintiff's motion to transfer venue. (Doc. No. 38.) The Court will hold disposition of this motion in abeyance until after Defendant has filed its answer.

filed March 1, 2012, supporting its motion to set aside the default, Defendant argued that Plaintiff had served an individual not authorized to accept service of process and that the attempt had been made "at a place other than Defendant's place of business." (Doc. No. 10 at 3.)

On March 8, 2012, Defendant filed a suggestion of bankruptcy, apprising the Court of its voluntary bankruptcy petition before the United States Bankruptcy Court for the Eastern District of New York. (Doc. No. 13.) Pursuant to the Federal Rules of Bankruptcy Procedure, the above-captioned action was first stayed from March 26, 2012, through June 6, 2012. (Doc. Nos. 16, 19.) The bankruptcy court lifted the first stay to allow the parties to resolve the pending motion to set aside the default in the above-captioned case. (Doc. No. 18-2.) The Court granted Defendant's motion and set the default aside, holding that Plaintiff had not carried his burden of showing proper service of process. (Doc. No. 24 at 4.) With that motion resolved, the above-captioned case was again stayed pending Defendant's bankruptcy proceedings until this Court ordered and the parties filed status updates in March 2014 and in September 2014. (Doc. Nos. 25-31.) In those status updates, the parties revealed that the bankruptcy court had already lifted the stay as to this action nearly a year before on April 25, 2013. (Doc. No. 32-3.) The bankruptcy court had ordered the stay lifted and granted Plaintiff permission to pursue his claim here.[2] (Doc. No. 29.) After the status updates on September 23, 2014, Defendant filed its present motion to dismiss the complaint pursuant to either Federal Rule of Civil Procedure 41(b) for failure to prosecute or Federal Rule of Civil Procedure 12(b)(5) for failure to make service of

---

[2] Plaintiff initiated a separate action in the United States District Court for the District of Massachusetts against one of Defendant's insurers, seeking recovery under the same theories advanced here; the Massachusetts court dismissed Plaintiff's action on November 21, 2013. (Doc. No. 32-4.)

process.  (Doc. No. 32-1 ¶ 16.)

## II.   DISCUSSION

In its motion to dismiss, Defendant urges the Court to either (1) dismiss the complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, or (2) dismiss the complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to properly effect service.  (Doc. No. 32-1 ¶ 16.)

Defendant argues that "Plaintiff has taken nearly no action to pursue this litigation," and that the pendency of the above-captioned matter precludes the resolution of its bankruptcy case. (Doc. No. 34 at 4.)  Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  To determine whether dismissal is the proper sanction under Rule 41(b), the United States Court of Appeals for the Third Circuit instructs district courts to consider six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008) (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984)).  These factors apply when a party is alleged to be in violation of a court order and when a party is challenged for failure to prosecute.  See id.  In either case, "[d]ismissal must be a sanction of last, not first, resort."  Poulis, 747 F.2d at 869.

Defendant claims that the factors favor dismissal.  For one, Defendant asserts that its bankruptcy proceedings cannot conclude during the pendency of the above-captioned action.

(Doc. No. 34 at 4.) Defendant maintains that by not indicating how it intends to proceed before this Court, Plaintiff disobeyed the Court's previous orders for status updates. (Id.) In addition, Defendant argues that Plaintiff, rather than seeking resolution here, has pursued a separate action against one of Defendant's insurers in a separate federal forum. (Doc. No. 33 at 2.) Plaintiff counters that he has not defied Court orders, and that these proceedings are not stalling Defendant's bankruptcy proceedings, because different actions against Defendant in New York state court in "identical litigation" would also have to terminate before Defendant's bankruptcy could conclude. (Doc. No. 35-1 at 4.) The Court, while cognizant of the length of time that passed between the bankruptcy court's order lifting the stay and any movement in this action on the part of Plaintiff, finds that dismissal is not warranted based on the above factors. Plaintiff has filed a motion to transfer venue, and the Court sees little indication that the Plaintiff's motion is in bad faith. Plaintiff may have been dilatory in the past, but it appears that he is now actively engaged in the conduct of this lawsuit. The Court will not dismiss Plaintiff's action on this basis.[3]

## III.   CONCLUSION

For the foregoing reasons, the Court will deny Defendant's motion to dismiss and hold disposition of Plaintiff's motion to transfer in abeyance pending Defendant's answer. An order consistent with this memorandum follows.

---

[3] Defendant also moves the Court to dismiss Plaintiff's complaint without prejudice for failure to effect proper service. (Doc. No. 32-1 ¶ 16.) However, Defendant could have raised this objection long ago, and Federal Rule of Civil Procedure 4(m) mandates that a court "dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). The Court will order service of the complaint within 14 days and will not order dismissal.